ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
SHIRLEY J. FOSTER
Nevada Bar No. 8069
E-Mail: Shirley.Foster@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| ALICIA IRENE MAESTAS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 through 10, and ROE CORPORATIONS 11 through 20,<br><br>Defendants. | CASE NO.:<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)**<br><br>**(Diversity Jurisdiction)** |

COMES NOW DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm" or "Defendant"), by and through its counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby files this Petition for Removal of Clark County District Court Case No. A-21-844898-C, styled as, "*Alicia Irene Maestas v. State Farm Mutual Automobile Insurance Company*," to the United States District Court, for the District of Nevada, and states as follows:

**PLEADINGS AND PROCEEDINGS TO DATE**

1.   On December 2, 2021, Plaintiff Alice Irene Maestas ("Plaintiff") commenced a

4878-3681-4870.1

1. civil action in the Eighth Judicial District Court, Clark County, Nevada, entitled, "*Alicia Irene Maestas v. State Farm Mutual Automobile Insurance Company,*" Case No. A-21-844898-C (the "State Court Action.") True and correct copies of the Complaint ("State Court Complaint") and Notice of Service of Process are attached hereto and marked respectively as **Ex. A** and **Ex. B**.

2. On February 14, 2022, Plaintiff caused to be served a Summons and her Complaint upon the Office of the Nevada Commissioner of Insurance in accordance with NRS 680A.260. On February 17, 2022, the Office of the Nevada Commissioner of Insurance mailed a copy of the Summons and Complaint, by certified mail, to State Farm, along with a copy of the proof of service. According to NRS 686A.260, service of process is complete upon mailing of the Summons and Complaint by the Commissioner of Insurance. A true and correct copy of the Proof of Service is attached hereto and marked as **Ex. C**.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which State Farm may remove to this Court pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Removal is timely pursuant to 28 U.S.C. § 1441(b)(3).

6. Venue is appropriate in the unofficial Southern Division of the Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (c), 1441(b), and LR IA 1-6.

7. As is apparent form the four corners of the Complaint, in the State Court Action, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. According to the Complaint, Plaintiff's $100,000.00 underinsured motorist ("UIM") benefits claim and $100,000.00 MedPay benefits claim arise under the subject policy from bodily injury which Ms. MAESTAS asserts that she sustained in a "high-speed rear-end collision"[1] involving three motor vehicles, which accident occurred on the US 95 freeway in the dark on February 18, 2020.

---

[1] **Ex. A**, Complaint, para. 4.

4878-3681-4870.1                                2



8.  Plaintiff alleges that she has already incurred at least $108,477.01[2] in medical treatment expenses to date. Plaintiff further alleges that she has sustained serious injury to her "lumbar spine at L3-4, L4-5, and L5-S1,"[3] and experiences persistent back pain, which will cause her to incur additional medical specials.

9.  In addition to the $25,000.00 settlement funds[4] Plaintiff has already received from the tortfeasor, she seeks payment from State Farm of her UIM policy limits of $100,000.00[5] *and* also seeks the balance of her medical payment benefits coverage from State Farm of $100,000.00.[6] Thus, from the face of the Complaint, Plaintiff seeks in excess of the United States District Court's jurisdictional threshold of $75,000.00 amount in controversy.

10.  When State Farm paid $41,365.05 of Plaintiff's medical bills by October 6, 2021 in MedPay policy benefits, Plaintiff asserted that "State Farm had paid only 38 percent of Alicia's medical bills."[7] This further evinces that Plaintiff values her MedPay benefits at $100,000.00.

11.  Plaintiff asserts claims for relief for 1) breach of contract; and 2) bad faith insurance practices. Plaintiff seeks an award of general damages in excess of $15,000.00. She further seeks awards for her special damages and seeks an award for punitive damages for alleged bad faith insurance practices, as well as attorney's fees and costs of suit.

12.  It is clear from the four corners of the Complaint that Plaintiff has placed into controversy at least $158,634.95,[8] which amount exceeds the court's minimum threshold of $75,000.00. Thus, Defendant timely seeks removal upon receipt of the Complaint, which is the first pleading, paper, or filing upon which removal could reasonably be requested.

---

[2] **Id.** at para. 9.
[3] **Id.** at para. 9.
[4] **Id.** at para. 10.
[5] **Id.** at para. 12 and 15. "Plaintiff has repeatedly made demand for payment of the policy limits for both the medical payments and bodily injury UIM claim."
[6] **Id.** at para. 13 and 15.
[7] **Id.** at para. 20.
[8] Calculated as $100,000.00 in MedPay benefits less the $41,365.05 MedPay benefits which State Farm has already paid, plus $100,000.00 in UIM benefits. Plaintiff further seeks an award for punitive damages and attorney's fees and costs of suit.

# VENUE

13. Venue is appropriate in the unofficial "Southern District" of this Court pursuant to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441 (a); and LR IA 1-6.

# GROUNDS FOR REMOVAL

14. The action is a civil suit brought in a Nevada court. Removal is based upon diversity of citizenship jurisdiction, 28 U.S.C. §1332. The action is pending in Clark County, Nevada, and accordingly under 28 U.S.C. §108, the United States District Court for the District of Nevada is the proper forum for removal.

# DIVERSITY OF CITIZENSHIP JURISDICTION

A. **Citizenship of the Parties**

15. Complete diversity exists with respect to the Plaintiff and Defendant. Accordingly, this action is one that Defendant may remove pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

16. Specifically, Plaintiff Alice MAESTAS was at the time of filing of the State Court civil action a resident of the County of Clark, State of Nevada.[9] Also, **Ex. A** at para. 3 confirms that the situs of the subject accident occurred in Clark County, Nevada.

17. Defendant was at the time of the filing of the State Court civil action, and still is, incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois.

B. **Amount in Controversy**

18. In the State Court Action, the amount which Plaintiff injects into controversy

---

[9] Plaintiff Maestas did not aver her Nevada residency in the Complaint. However, the Traffic Crash Report regarding the subject loss (a true and correct copy of which is attached hereto as **Exhibit D**) shows her address to be in Las Vegas, Nevada (89110). Furthermore, Eighth Judicial Court records (a true and correct copy of which was printed on March 15, 2022 from the Eighth Judicial District Court of Nevada at http://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=1 and which is attached hereto as **Exhibit E**) also show the same Nevada address for Plaintiff.

exceeds the sum of $75,000.00, exclusive of interest and costs. The Complaint alleged entitlement to damages for: 1) breach of MedPay insurance contract; 2) breach of UIM insurance contract; and 3) bad faith insurance practices violating NRS 686A.310 and NRS 690B.012.[10] Plaintiff contends that she is entitled to an award for punitive damages.[11] In addition, Plaintiff recovery of attorney's fees.[12]

A defendant's duty is not to prove by a preponderance of the evidence that a plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, Case No. 3:09-cv-714-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85073 (D. Nev. July 15, 2010). In other words, the amount in controversy is satisfied if a plaintiff's potential gain exceeds the jurisdictional limit. Id. The pertinent question the Court is to ask is whether a plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, Case No. 2:13-cv-316-RCJ-NJK, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiffs a full recovery, that award would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain.

Additionally, the Court may consider any request for punitive damages and attorneys' fees when determining if the amount in controversy exceeds $75,000.00. *Manthei v. Northwestern Mut. Life Ins. Co.*, Case No. 2:13-cv-1218-APG-NJK, 2014 U.S. Dist. LEXIS 15714, 5-6 (D. Nev. Feb. 6, 2014). As noted by the *Manthei* Court, Nevada law does not cap punitive damages in bad faith

---

[10] *See* **Ex. A** at paras. 12-25.

[11] **Id**. at 12:7.

[12] **Id**.

insurance claims, except as limited by constitutional due process. *Id*. Thus, Plaintiff's claim for punitive or exemplary damages arising out of State Farm's claims handling should be taken into account in calculating the amount in controversy.

As set forth above, when combining Plaintiff's identified damages, the amount in controversy reflects an amount well in excess of the jurisdictional threshold of $75,000.00.

19. Based upon the foregoing, State Farm submits that (a) there is diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.00. This action is, therefore, properly removed to the United States District Court for the District of Nevada.

## LIST OF EXHIBITS

A. Complaint

B. Summons

C. Proof of Service

D. Traffic Crash Report

E. Printout from Eighth Judicial Court of Nevada's website, last viewed on March 15, 2022.

## CONCLUSION

Based on the foregoing, Defendant State Farm respectfully submits that (a) there is diversity of citizenship between Plaintiff and Defendant, and (b) the amount in controversy exceeds $75,000.00. This civil action is, therefore, timely and properly removed to the United States District Court for the District of Nevada.

DATED this 17th day of March 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ *Cheryl A. Grames*
ROBERT W. FREEMAN
Nevada Bar No. 3062
CHERYL A. GRAMES
Nevada Bar No. 12752
SHIRLEY J. FOSTER
Nevada Bar No. 8069
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of March, 2022, I electronically filed the foregoing **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** with the Clerk of the Court through Case Management/Electronic Filing System.

STEVEN J. KAREN, ESQ.
2810 West Charleston Blvd., Suite 82
Las Vegas, Nevada 891020
Phone: (702) 382-9307
stevenjkaren@gmail.com
*Attorney for Plaintiff*

By /s/ Kristen Freeman
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP