ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| ALICIA IRENE MAESTAS, | CASE NO.: 2:22-cv-483-JCM-DJA |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 through 10, and ROE CORPORATIONS 11 through 20, | **As amended on pages 6-7** |
| Defendants. | |

It appearing to the Court that Plaintiff ALICIA IRENE MAESTAS ("Plaintiff") and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") (collectively, the "Parties"), through their undersigned counsel, hereby submit this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") and state as follows:

1. State Farm possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

2. The parties therefore request that the Court enter this Protective Order to properly balance the discovery rights of the Plaintiff with State Farm's rights to protect its private, confidential, proprietary, or trade secret information.



4881-0198-2782.1

3. All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by State Farm during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

4. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. Civ. R. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

5. With respect to deposition testimony and deposition exhibits, State Farm may, either on the record at the deposition or by written notice to counsel for Plaintiff no later than forty-five (45) days after receipt of the transcript of said deposition, designate portions of testimony and/or exhibits from the deposition as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony or exhibits, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until forty-five (45) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the

anticipated testimony.  **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**.

      6.      The inadvertent or unintentional disclosure by State Farm of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after State Farm becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. Further, if, in connection with this action, State Farm discloses or makes available documents or information later identified to be subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity from disclosure, whether inadvertent or otherwise, such disclosures shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to documents or information or its subject matter in the Action or in any other federal or state proceeding.  This Paragraph shall constitute an order pursuant to Fed. R. Evid. 502(d) and shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). If any party becomes aware of the production or disclosure of such protected information by State Farm, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

      7.      When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate,

request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 10 are present during such presentation, quotation or reference.

8.  Subject to the requirements of Paragraph 12 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 10 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for State Farm upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 10(h) and/or 12 of this Protective Order.

9.  Except as agreed by State Farm or as otherwise provided herein, including in Paragraphs 10(h) and 12 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 10 below.  Except as provided in Paragraphs 10(h), (g), (k), and 12 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm.

10.  Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm shall be disclosed only to the following persons:

(a)  attorneys actively working on or supervising the work on this case;

(b)  persons regularly employed or associated with the attorneys actively

working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as **Exhibit A**;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as **Exhibit A**;

(h) the Nevada Division of Insurance, Nevada Attorney General, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, NRS 686A.283 to NRS 686A.289, inclusively;

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by State Farm in writing; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as **Exhibit A**.

11. Subject to Paragraph 12 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.



12. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nevada Division of Insurance and other applicable state and federal laws; the records retention requirements of the Nevada Division of Insurance, the Nevada Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, including NRS 686A.283 to NRS 686A.289, inclusively, or reporting to the Insurance Services Office, Inc.

13. Plaintiff may at any time request from State Farm, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for State Farm and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, State Farm may raise the issue of such designation with the Court pursuant to Fed. R. Civ. P. 26. Any information submitted to the Court for review ~~shall be submitted under seal and for in camera review~~ if submitted under seal or in camera, must comply with LR IA 10-4 and LR IA 10-5. Pending a ruling from the Court, State Farm's designation shall control.

14. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

15. Nothing in this Protective Order shall prevent or restrict counsel for State Farm from inspecting, reviewing, using, or disclosing the information designated as CONFIDENTIAL,

TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Protective Order.

16. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document shall comply with LR IA 10-5(b) [struck, replaced with (a)] and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or must provide notice to Counsel for State Farm within a reasonable time, but in any event not fewer than 10 judicial days, to file a motion pursuant to LR IA 10-5(b) [struck, replaced with (a)] and *Kamakana* to show particularized good cause or particularized compelling reasons to file those documents under seal.

LR IA 10-5(b) [struck, replaced with (a)] provides:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal pursuant to prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

Pursuant to *Kamakana* and LR IA 10-5(b) [struck], any documents designated as "CONFIDENTIAL" and attached to a non-dispositive motion shall be accompanied by a motion showing a particularized good cause for leave to file those documents under seal. Furthermore, any documents designated as "CONFIDENTIAL" and attached to a dispositive motion shall be accompanied by a motion showing a particularized compelling reason for leave to file those documents under seal.

17. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

18. Within thirty-five (35) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL, TRADE SECRET, or

SUBJECT TO PROTECTIVE ORDER shall return all documents and information subject to this Protective Order, including any copies or extracts or summaries thereof, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 10(h) and 12 of this Protective Order and to the routine business practices of State Farm, and also subject to the regular business practices for maintenance and destruction of client files by the parties' counsel. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.  To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require State Farm or its counsel to return or destroy any documents that they are otherwise required by law to maintain.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. The Court shall retain jurisdiction to modify the terms of this Protective Order.

20. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

21. Subject to the requirements of Paragraph 16 of this Protective Order, State Farm or any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file a motion to restrict access pursuant to LR IC 1-1(i) and



4881-0198-2782.1

8

referencing this Protective Order, and shall request access restriction to limit access to the parties and the court in ECF/PACER.

22. This Protective Order may be executed in counterparts, each of which shall constitute one and the same agreement.

Dated this 12TH day of January, 2023.   Dated this 12th day of January, 2023.

LEWIS BRISBOIS BISGAARD & SMITH LLP   STEVEN J. KAREN, ESQ.

/s/  Cheryl A. Grames                              /s/   Steven J. Karen
Robert W. Freeman, Esq.                       STEVEN J. KAREN, ESQ.
Nevada Bar No. 3062                              Nevada Bar No. 4561
Cheryl A. Grames, Esq.                          2810 West Charleston Blvd., Suite 82
Nevada Bar No. 12752                            Las Vegas, Nevada 891020
6385 S. Rainbow Boulevard, Suite 600   *Attorneys for Plaintiff Alicia Maestas*
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*
.

**ORDER**

IT IS SO ORDERED as amended by the Court on pages 6-7.

DATED: January 18, 2023

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she has been provided with a copy of the Parties' **Stipulated Confidentiality Agreement and Protective Order** entered in Case No. 2:22-cv-483-JCM-DJA, captioned *ALICIA IRENE MAESTAS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*, in the United States District Court for the District of Nevada. The undersigned has reviewed said Stipulated Confidentiality Agreement and Protective Order and hereby agrees to be bound by the terms thereof.

DATED this ____ day of _____, 202_.

By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City            State    Zip

_____
Occupation / Business

4881-0198-2782.1

10